UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **NORMAN CLAY GUTHRIE** | **CIVIL ACTION NO. 21-0505** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE ELIZABETH E. FOOTE** |
| **LEIGHTON FRANZ BECKER, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Norman Clay Guthrie, a prisoner at Bossier Maximum Security Center proceeding pro se and in forma pauperis, filed this proceeding on approximately February 22, 2021, under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] He names the following defendants: United States Marshal Leighton Franz Becker, United States Marshal Jeremy Kennedy, Officer Danny Turner ("D. Turner"), and United States Marshal Christopher D. Turner ("C. Turner").[2] For reasons below, the undersigned recommends that Plaintiff's claims be dismissed as untimely.

### Background

Plaintiff alleges that on December 10, 2019, United States Marshal Christopher Turner pursued him down a dirt road to a dead end and observed Plaintiff's vehicle travel off of the road into thick brush and trees. [doc. # 1, p. 5]. Plaintiff claims that C. Turner parked his vehicle at the dead end, exited his vehicle, moved towards Plaintiff's vehicle, and "then fire[d]

---

[1] Plaintiff sues United States marshals. His claims against these defendants arise under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which authorizes civil rights suits against federal employees or agents.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

approximately 8-10 times at the rear of Plaintiff's vehicle[,]" hitting Plaintiff in the upper back. *Id.*

Plaintiff claims that Officer Danny Turner observed Plaintiff's vehicle exit "the bush area headed back towards the gravel road," exited his vehicle, and fired "at the driver's side of Plaintiff's vehicle 4-5 times . . . ." *Id.* at 6. Then, as Plaintiff's vehicle passed him, D. Turner fired an additional shot at the back of Plaintiff's vehicle. *Id.*

Plaintiff claims that United States Marshal Jeremy Kennedy retreated to the safety of his vehicle and then fired his weapon thirteen times at Plaintiff. *Id.* at 7. Kennedy observed Plaintiff "periodically throw his hands up, all the while trying to escape gunfire." *Id.* Plaintiff also claims that Kennedy "pulled him from his vehicle and beat him in the face and head." *Id.* Plaintiff suffered injuries to his face, head, ribs, and back. *Id.*

Plaintiff claims that after he swerved and passed United States Marshal Becker, Becker fired seven rounds at Plaintiff's vehicle. *Id.* at 8. Plaintiff later told Becker that he was shot, but Plaintiff was "still beaten in the face, head, and ribs." *Id.*

Plaintiff seeks declaratory relief, compensatory damages, and punitive damages. *Id.* at 11-12.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] See *Martin v. Scott,* 156 F.3d

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations

578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.  *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

---

of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. Statute of Limitations**

District courts are authorized to dismiss a claim as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period sua sponte. See *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for Section 1983 and *Bivens* actions is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*,

4

471 U.S. 261, 279-80 (1984); *Adrian v. Selbe*, 364 F. App'x 934, 936 (5th Cir. 2010). Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art 3492, applies here. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

However, the date of accrual for Section 1983 and *Bivens* claims is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986); *Adrian*, 364 F. App'x at 936. "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516 (quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981)). "Such knowledge encompasses both (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions." *Adrian*, 364 F. App'x at 937.

Here, Plaintiff's claims accrued on December 10, 2019, the day of the alleged excessive uses of force. Plaintiff plainly had knowledge of his excessive-force claims when the officers allegedly shot him, shot *at* him, and beat him.[4]

Plaintiff, therefore, had one year, or until (at the latest) December 10, 2020, to file his claims. As Plaintiff did not file his claim until, at the earliest, February 22, 2021, the claims are, on their face, subject to dismissal.[5] [doc. # 1, pp. 4, 12].

---

[4] *See Morrill v. City of Denton, Texas*, 693 F. App'x 304, 307 (5th Cir. 2017) (holding that the constitutional injury was complete on the day the alleged excessive force took place); *Armstrong v. Serpas*, 670 F. App'x 851, 852 (5th Cir. 2016).

[5] The limitations period is subject to state tolling and equitable tolling in certain circumstances, but Plaintiff does not allege or suggest that such circumstances were present before he filed this proceeding.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Norman Clay Guthrie's claims be **DISMISSED** as untimely, frivolous, and for failure to state a claim.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 9th day of March, 2021.

_____
Kayla Dye McClusky
United States Magistrate Judge